**PEOPLE FOR the ETHICAL TREATMENT OF ANIMALS; Allen M. Rivers, Dr., Plaintiffs–Appellants,**

v.

**DEPARTMENT OF HEALTH & HUMAN SERVICES; Dr. Louis W. Sullivan \*, et al., Defendants–Appellees.**

No. 88–15769.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 1990.

Decided Oct. 22, 1990.

---

\* Louis W. Sullivan, M.D., is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

Alan J. Silver, Redlands, Cal., for plaintiffs-appellants.

David C. Shilton, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before WIGGINS and NOONAN, Circuit Judges, and TASHIMA,** District Judge.

WIGGINS, Circuit Judge:

Dr. Allen Rivers, and People for the Ethical Treatment of Animals (PETA) appeal the district court's holding on summary

** Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sit-

judgment that they lacked standing to sue several federal agencies whom they alleged violated the National Environmental Policy Act (NEPA) by awarding animal research grants without preparing Environmental Impact Statements (EISs). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (1988), and we affirm.

Appellants sued the Department of Health and Human Services and other federal agencies, charging that the agencies' failures to prepare EISs before awarding research grants to institutions in the San Francisco area violated NEPA. 42 U.S.C. §§ 4331–4335 (1988). In their complaint, appellants alleged that the Department's grants funded research involving animals that resulted in a number of environmental impacts which adversely affected Rivers' and PETA members' uses of the San Francisco Bay area for recreation, aesthetic, and "quality of life" and health purposes.

Appellees moved for summary judgment, in part, on the ground that even assuming that animal research results in the environmental impacts appellants alleged, appellants' complaint identified no specific areas of San Francisco where Rivers' or PETA members' uses would be adversely affected by these impacts. In response to appellees' motion, appellants filed declarations of seven PETA members. Six of these declarations contain identical language which asserts very generally that the declarant is aware that animal research in the San Francisco Bay area involves the transportation and disposal of hazardous or toxic substances, which substances have leaked in the past; that such transportation and disposal of substances, and the increase in population to perform research jobs results in increased air pollution, traffic, noise, negative land uses, and demands on public services; and that due to these environmental impacts the declarant's use of the Bay area is injured.

The seventh declaration was filed by Ned Bucmichi, a professor of veterinary science at the University of California, Davis.

ting by designation.

Based on his experience in animal research, Bucmichi alleged that toxic, radioactive, and carcinogenic chemicals are used in such research projects. Bucmichi alleged that the transportation and disposal of these chemicals results in physical damage to the environment, and presents a direct risk to humans of infection and disease.

The district court granted appellees' summary judgment motion concluding that appellants failed to establish injury sufficient to confer standing upon them. This court reviews a district court's grant of summary judgment on the basis of standing de novo. *Fernandez v. Brock*, 840 F.2d 622, 626 (9th Cir.1988).

Appellants contend that the district court erred because they assert that the allegations contained in their seven declarations are sufficient to establish their standing under *United States v. SCRAP*, 412 U.S. 669, 686–88, 93 S.Ct. 2405, 2415–17, 37 L.Ed.2d 254 (1973) (organization's allegation that agency's action had environmental impacts which affected their member uses of natural resources in the Washington, D.C. area was sufficient to establish injury). However, *SCRAP* is not relevant here because it involved not a Rule 56(e) motion for summary judgment but rather a Rule 12(b)(6) motion to dismiss on the pleadings. "The latter, unlike the former, presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. National Wildlife Federation*, — U.S. —, —, 110 S.Ct. 3177, 3182, 111 L.Ed.2d 695 (1990).

We find that appellants' declarations do not allege specific facts which show that Rivers' or PETA members' uses of San Francisco are or will be injured by the Department's grants. Appellants' suit, which seeks relief under section 702 of the Administrative Procedure Act, 5 U.S.C. § 702 (1988), puts at issue the question whether Rivers or any of PETA's members has been, or is threatened to be, "adversely affected or aggrieved" by agency action. Rivers filed no declaration averring specific facts that demonstrate that his use of an area in San Francisco has been or will be injured by the Department's grants. The Bucmichi declaration contains no allegation of injury to Bucmichi's use of the Bay area. The six form declarations repeat only the general allegation contained in appellants' complaint—that the declarant's use and enjoyment of the San Francisco Bay area is injured. Yet, Rule 56(e) is not satisfied by averments which state only that the declarant uses unspecified portions of a large metropolitan area, on some portions of which hazardous substances might be transported or disposed. *See Lujan*, — U.S. at —, 110 S.Ct. at 3182. We cannot simply presume that the hazardous substances used in animal research are transported or disposed in the same areas that the declarants actually use and enjoy in the Bay area. Such a presumption would circumvent the operation of Rule 56:

> [P]laintiff's complaint makes general allegation of injury; defendant contests through Rule 56 existence of specific facts to support injury; plaintiff responds with affidavit containing general allegation of injury, which must be deemed to constitute averment of requisite specific facts since otherwise allegation of injury would be unsupported (which is precisely what defendant claims it is).

*Id.* Appellants failed to establish injury sufficient to confer standing upon them to challenge the Department's grant of funds to research institutions in the San Francisco Bay area. Thus, the district court properly granted summary judgment in favor of the Department. The decision of the district court is, therefore,

AFFIRMED.